IN RICHMOND SUPERIOR COURT, JULY, 1832.

## Elizabeth Pennington *vs.* Thomas Watson and Isaac Brant.

*(margin note: RICHMOND, July, 1832. Mackay, et al. and Moore, Ex'r.)*

This was an action of assumpsit in which judgment was confessed, subject to the opinion of the court as to the plaintiff's right of action upon the following statement of facts and the annexed receipt.

"There was no agreement to wait till the demands mentioned in the receipt could be collected, unless the receipt import such agreement. All the claims mentioned in said receipt were collected (except the attorney's receipt) and credited upon the note sued on; and before the commencement of this suit, the defendant Watson was informed, by plaintiff's attorney, that he was unable to collect said demands (attorney's receipt) and that he did not believe they could be collected, and offered to return the attorney's receipt: whereup-

*(margin note: A. indorsee of a note given by B. placed the same in the hands of her attorney for collection: B. went at once to the attorney and placed in his hands a number of notes and other evidences of debt, of a larger amount on third persons as collateral security for the payment of his own note: In the receipt)*

RICHMOND,
July, 1832.

PENNINGTON
v.
WATSON and
Another.

which the attorney gave B. for those evidences of debt he agrees as soon as he has collected enough of them to pay B.'s note to deliver it over to him, together with whatever balance there might be over.

The court held that the evidences of debt were not taken as satisfaction of B.'s note, nor did the language of the receipt amount to an agreement not to sue B. till the securities mentioned in the receipt could be collected.

on the defendant Watson promised to be in Augusta in a few days, and that he would pay the amount due on the note. The notes mentioned in the 2d and 3d lines of the receipt are still in suit in Columbia and these cases undetermined." Signed by counsel.

"Augusta, May 8th, 1829. Received of Thomas Watson, Petit & Burnside's receipt for two notes against the estate of Henry W. Cobb, which are now in suit in Columbia Superior Court, one for one hundred and thirty dollars and twenty-five cents, besides interest, and the other for two hundred dollars besides interest, and on which notes there is a credit of ten dollars and eighteen cents.—Also four notes dated 18th March, 1828, and payable one day after date to Thomas Watson or bearer, three for thirty dollars each, and one for four dollars and ninety four cents,—all which I am to hold as collateral security for the payment of a note given by said Thomas Watson on the 17th March, 1829, payable one day after date to Isaac Brant or order for five hundred and seventy four $\frac{12}{100}$ dollars. As soon as I collect the first mentioned notes or a sufficiency thereof to pay the last-mentioned note (which has been indorsed and delivered to Elizabeth Pennington) I agree to deliver to the said Thomas Watson the said last-mentioned note and to pay him any balance that may be due to him." Signed, "A. J. Miller, attorney for E. Pennington."

This case is submitted without argument, and is indeed very plain. It is not easy to perceive on what ground the defendant can reasonably expect the judgment of the court in his favor. The defence rests exclusively upon the above receipt. This could bar the plaintiff's right to recover her debt but in two ways. 1st, That the notes and evidences of debt deposited with plaintiff's attorney, had been received in satisfaction of plaintiff's demand, or there had been such neglect and laches of the plaintiff in regard to them as would in law amount to a satisfaction. 2dly, By an agreement not to sue until the securities mentioned in the receipt could be collected. No laches whatever is imputed to the plaintiff or her attorney; and so far from the notes and attorney's receipts mentioned, having been deposited in satisfaction of, they are expressly declared to be as collateral security for, defendants' note; and a stipulation is entered into as to the manner of applying their proceeds when collected, which has been fully complied with, as far as collections have been made, and an inability is shown to make further collections.

It is only the last clause in the receipt of plaintiff's attorney that can in any way import an undertaking to abstain from suing upon the defendants' note until the securities can be collected; and the words used will by no means imply such an agreement. But the facts stated, and the defendants' promise to pay, with a knowledge of these facts show

what he understood by the undertaking in the receipt, and are conclusive of the case. Let judgment be entered for the plaintiff.

A. J. MILLER, for plaintiff.

A. B. LONGSTREET, for defendant.